# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VHS OF ARROWHEAD, INC. d/b/a ABRAZO ARIZONA HEART HOSPITAL and ABRAZO ARROWHEAD CAMPUS, VHS OF PHOENIX, INC. d/b/a ABRAZO CENTRAL CAMPUS, VHS ACQUISITION SUBSIDIARY NUMBER 1, INC. d/b/a ABRAZO SCOTTSDALE CAMPUS, HOSPITAL DEVELOPMENT OF WEST PHOENIX, INC. d/b/a ABRAZO WEST CAMPUS, SMSJ TUCSON HOLDINGS, LLC d/b/a CARONDELET ST. JOSEPH'S HOSPITAL and CARONDELET ST. MARY'S HOSPITAL, DELRAY MEDICAL CENTER, INC., GOOD SAMARITAN MEDICAL CENTER, INC., PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. d/b/a PALM BEACH GARDENS MEDICAL CENTER, ST. MARY'S MEDICAL CENTER, INC., WEST BOCA MEDICAL CENTER, INC., AMISUB (SFH), INC. d/b/a SAINT FRANCIS HOSPITAL, SAINT FRANCIS HOSPITAL-BARTLETT, INC., BBH BMC, LLC d/b/a BROOKWOOD BAPTIST MEDICAL CENTER, VHS ACQUISITION SUBSIDIARY NUMBER 7, INC. d/b/a SAINT VINCENT HOSPITAL, VHS ACQUISITION SUBSIDIARY NUMBER 9, INC. d/b/a METROWEST MEDICAL CENTER FRAMINGHAM UNION CAMPUS, HILTON HEAD HEALTH SYSTEM, L.P. d/b/a HILTON HEAD HOSPITAL, COASTAL CAROLINA MEDICAL CENTER, INC., EAST COOPER COMMUNITY HOSPITAL, INC. d/b/a EAST COOPER MEDICAL CENTER, AND AMISUB OF SOUTH CAROLINA, INC. d/b/a PIEDMONT MEDICAL CENTER., <br><br>    Plaintiffs, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br>    Defendant. | Case No.: 3:22-cv-602 <br><br><br> APRIL 28, 2022 |

24924811-v1

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Cigna Health and Life Insurance Company ("Cigna"), by and through its undersigned counsel, hereby removes to this Court the State Court Action identified below. Pursuant to 28 U.S.C. § 1446, and without waiving any defenses available to it, Cigna makes the following short and plain statement on the grounds for removal:

## INTRODUCTION

1. On March 23, 2022, Plaintiffs filed their Complaint (the "Complaint") in the State of Connecticut Superior Court for the Judicial District of Hartford at Hartford, Connecticut, where the action is now pending as Docket No. HHD-CV22-6153882-S (the "State Court Action"). Cigna was served with process on March 30, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, as well as other pleadings, motions, and orders served upon Cigna in the State Court Action are attached hereto as **Exhibit A**. The return of service in the State Court Action is attached hereto as **Exhibit B**.

2. Plaintiffs are 21 hospitals (the "Tenet Hospitals") located in six different states that allegedly provided out-of-network services to patients with health insurance policies, including employer-sponsored health benefits plans, insured and/or serviced by Cigna from January 1, 2019 through December 31, 2021. The Complaint in the State Court Action seeks relief arising from the purported underpayment or denial of claims for emergency services rendered to these patients, many of whom were covered by employer-sponsored plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (*See generally* Ex. A, Compl. ¶ 44.)

3. In total, the Complaint contains fifteen counts against Cigna alleging violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*,

2

through acts prohibited by the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-815 *et seq*, violations of Florida Stat. § 627.64194 *et seq.*, and Unjust Enrichment and/or Quantum Meruit under the laws of these six states: Arizona, Florida, Tennessee, Alabama, Massachusetts, and South Carolina. (*See* Ex. A, Compl., "Allegations Specific to the Tenet Hospitals' CUTPA Claims" ¶¶ 217–227, Counts II-XV.[1]) Because Plaintiffs raise claims to recover additional benefits due under and to enforce rights under their patients' ERISA-governed plans, these claims are preempted by ERISA and are removable to this Court pursuant to its federal question jurisdiction and the complete preemption doctrine under ERISA.

**BASIS FOR FEDERAL COURT JURISDICTION: FEDERAL QUESTION**

**A.    The State Court Action Complaint and ERISA Plans.**

4.      The Complaint alleges that many of the Tenet Hospitals provided care to patients who were enrolled in "employer-sponsored, Cigna-administered health plans governed by ERISA" (the "ERISA Plan Participants"). (Ex. A, Compl. "Allegations Specific to the Arizona Hospitals' Claims" ¶ 71; *see also id.* at "Allegations Specific to the Tennessee Hospitals' Claims" ¶ 117, "Allegations Specific to the Alabama Hospitals' Claims" ¶ 143, "Allegations Specific to the Massachusetts Hospitals' Claims" ¶ 168, "Allegations Specific to the South Carolina Hospitals' Claims" ¶ 194.)

5.      The health and medical benefits to which the ERISA Plan Participants are entitled are set forth in plans sponsored by employers for the benefit of their employees and their employees' dependents (the "ERISA Plans") and through which Cigna administers claims. (*Id.* at "Nature of the Action" ¶¶ 71, 117, 143, 168, 194.) And as Plaintiffs acknowledge, the ERISA

---

[1] The Complaint does not continue paragraph numbers across sections, so citations to the Complaint include references both to the Complaint section heading and the paragraph number(s) in that section.

Plans at issue are relevant to, and indeed, govern the amount of benefits payable to the Tenet Hospitals, including with respect to the costs for emergency services provided to a Cigna ERISA Plan Participant. (*See, e.g.*, *id.* at "Allegations Specific to the Arizona Hospitals' Claims" ¶ 76 (alleging that "upon information and belief, one or more of the benefit plans issued or administered by Cigna provide that, with respect to emergency services, Cigna (on behalf of . . . the employer-sponsored plans it administers) will hold the Cigna member harmless for costs in excess of the in-network cost-share obligations"); *see also id.* at "Allegations Specific to the Tennessee Hospitals' Claims" ¶ 122 (same), "Allegations Specific to the Alabama Hospitals' Claims" ¶ 147 (same), "Allegations Specific to the Massachusetts Hospitals' Claims" ¶ 173 (same), "Allegations Specific to the South Carolina Hospitals' Claims" ¶ 199 (same).)

6.      Although Plaintiffs allege that Cigna has underpaid or denied "nearly 5,000 separate patient encounters," (*id.* ¶ 44), Plaintiffs did not attach a list of those claims to the Complaint. However, upon information and belief, and as explained further in the Declaration of Emily Russell submitted herewith as **Exhibit C**, Cigna has identified claims that would fall within Plaintiffs' description of the claims at issue in this case and that involve ERISA Plans ("Identified Claims"). (*See* Ex. B ¶¶ 3-11.) As explained in Exhibit B, the ERISA Plan Participants have assigned any claim for benefits under ERISA to the applicable Plaintiff-Hospital for each of those claims. (*See id.* ¶¶ 5, 8, 10 (claim records for the Identified Claims showed that the Plaintiffs-Hospitals represented to Cigna that they had received assignments of benefits).)

7.      These claims submitted by the Tenet Hospitals to Cigna are for benefits available pursuant to the ERISA Plan Participants' respective ERISA Plans.

**B.      Plaintiffs' Claims Are Removable Under Section 502(a) of ERISA.**

8.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction,

4

may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

9. Although the Complaint does not nominally raise any causes of action under federal law, this Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the State Court Action requires the resolution, construction, or application of one or more substantial questions of federal law in dispute between the parties. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiffs' choice to avoid styling their claims as arising under ERISA does not affect the Court's jurisdiction over this case. A plaintiff may not avoid removal "by framing in terms of state law a complaint the 'real nature of [which] is federal' . . . or 'by omitting to plead necessary federal questions in a complaint.'" *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d. 22, 27–28 (2d Cir. 1988). Thus, removal is proper from state court to this United States District Court under 28 U.S.C. § 1441(b) without regard to the citizenship or residence of the parties.

10. Specifically, this Court has jurisdiction because the State Court Action is preempted by ERISA. ERISA creates a comprehensive civil enforcement scheme that completely preempts any state-law cause of action that falls within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a). *See Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011).

11. As the U.S. Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA provide the "exclusive" remedies available for the allegedly erroneous denial, non-payment, or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)). In fact, Section 502(a) of

ERISA has such "'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). As a result, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*

12. Here, Plaintiffs' State Court Action is completely preempted for at least two reasons. First, Plaintiffs' CUTPA count is based on alleged violations of CUIPA, for purported failure to "effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear." (*See* Compl., "Allegations Specific to the Tenet Hospitals' CUTPA Claims" ¶¶ 219–220.) Plaintiffs allege that Cigna violated CUIPA by "systematically underpaying and/or denying the Hospitals' covered emergency claims on thousands of occasions." (*Id.* ¶ 221.) For at least some of the claims for benefits at issue, Plaintiffs allege that liability stems from a disagreement with the "settlement" of claims arising out of and made pursuant to the terms of ERISA Plans. (*E.g.*, *id.* "Allegations Specific to the Arizona Hospitals' Claims" ¶ 71 (alleging that the claims asserted in the Complaint involve "employer-sponsored, Cigna-administered health plans governed by ERISA").) As a result, those claims "seek an alternative enforcement mechanism" to ERISA's civil enforcement remedy, "and are therefore preempted by ERISA." *See Ceste v. Anthem Health Plans, Inc.*, 2007 WL 2038851, at *7 (Conn. Super. Ct. June 22, 2007) (holding state court lacked jurisdiction over CUTPA claims because they were preempted by ERISA); *see also Levine v. Hartford Life Ins. Co.*, 2002 WL 1608330, at *3 (D. Conn. June 28, 2002) (holding ERISA preempted CUTPA/CUIPA claims where the plaintiff alleged that the defendant did not "make payment in accordance with the [p]olicy's terms").

13. <u>Second</u>, Plaintiffs' various state law claims for unjust enrichment and *quantum meruit* under Arizona, Tennessee, Alabama, Massachusetts, and South Carolina law (Counts II-III, VIII-XV) are completely preempted because, while Plaintiffs nominally pleaded only state law causes of action, the State Court Action seeks to impose liability and damages relating to benefits decisions made pursuant to ERISA-governed healthcare benefits plans, and therefore Plaintiffs could have—and should have—brought its claims related to the ERISA Plans against Cigna under ERISA § 502(a)(1)(B).  (*See* Ex. B ¶¶ 2-11 (illustrative examples from Cigna's initial investigation of Plaintiffs' Complaint showing that the Identified Claims are governed by ERISA plans).)  This includes liability for claims that Cigna partially denied under the ERISA Plans (*i.e.* where Cigna covered some but not all services that a Plaintiff submitted with the claim).  *See Montefiore*, 642 F.3d at 331–32 (finding complete preemption where "at least some of the claims at issue here are benefits claims in character" because they "appear[ed] to implicate coverage determinations under the relevant terms of the Plan, including denials of reimbursement"); *see* Ex. B at ¶ 7 (the "Explanation of Benefits" for an Identified Claim showed a service had been denied for reimbursement).  This also includes alleged liability for claims where Plaintiffs claim Cigna applied an improper methodology when adjudicating Plaintiffs' claims, since that methodology was set out by the ERISA Plans and those Plans determine the sole obligations that Cigna would have for the adjudication of any of claims for services provided to Cigna members covered by those Plans.  *See Montefiore*, 642 F.3d at 332 (claims based on process required by the terms of the plan were "inextricably intertwined with the interpretation of Plan coverage and benefits" and preempted).

14. Accordingly, ERISA § 502(a) preempts the Plaintiffs' CUTPA/CUIPA and unjust enrichment and *quantum meruit* claims for benefits asserted against Cigna in the Complaint.  *See*

*Met. Life Ins. Co.*, 481 U.S. at 63-64; *see also Davila*, 542 U.S. at 213 (finding complete preemption of state-law claims where defendants' liability for damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans").

15. As such, this Court has original jurisdiction over this case under 28 U.S.C. § 1331 and ERISA § 502(a) and all state law claims without regard to the amount in controversy.

## SUPPLEMENTAL JURISDICTION

16. To the extent that the Complaint also raises any claims arising from services allegedly provided to individuals whose health benefits plan are not governed by ERISA, this Court has supplemental jurisdiction over any otherwise non-removable claims or causes of action and may determine all issues therein pursuant to 28 U.S.C. § 1367 and/or the doctrine of pendent jurisdiction and/or ancillary jurisdiction. *See Neuroaxis Neurosurgical Assocs., PC v. Cigna Healthcare of N.Y., Inc.*, 2012 WL 4840807, at *3 (S.D.N.Y. Oct. 4, 2012) ("[T]his court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the claims preempted by ERISA, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining state law claims."). Further, if the ERISA-based claims are later dismissed, this Court would have jurisdiction over the remaining state-law claims based on diversity jurisdiction.

17. While Cigna is not asserting diversity jurisdiction as a basis for removal, given that this case is properly removed pursuant to 28 U.S.C. § 1331 and ERISA § 502(a), this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties. (*Compare* Ex. A, Compl. "Parties" ¶¶ 17-35 (stating each Plaintiff is headquartered and resides outside of Connecticut) *with id.* at ¶ 36 (stating Cigna is headquartered and resides in Connecticut) and this dispute is for more than $75,000 (*see id.* "Jurisdiction and Venue" at ¶ 44 (alleging Plaintiffs are owed "millions of dollars in damages").))

**VENUE**

18. The State of Connecticut Superior Court Judicial District of Hartford is located within the District of Connecticut. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

**TIMELY NOTICE OF REMOVAL**

19. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because Cigna was served process on March 30, 2022, so the 30-day deadline for this Notice of Removal is April 29, 2022.

**CONSENT OF OTHER DEFENDANTS NOT APPLICABLE**

20. Cigna is the only defendant in this case; therefore, the consent requirement of 28 U.S.C. § 1446(b)(2)(A) does not apply to this action.

**NOTICE OF FILING OF NOTICE OF REMOVAL**

21. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the State of Connecticut Superior Court for the Judicial District of Hartford at Hartford, Connecticut and promptly served upon Plaintiffs. A Statement in Compliance with Standing Order in Removal Cases is filed contemporaneously with this Notice of Removal.

**RESERVATION OF RIGHTS**

22. Cigna does not waive any legal defenses or admit any allegations in Plaintiffs' Complaint, and Cigna expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

23. If any question arises as to the propriety of this removal, Cigna reserves the right to request jurisdictional discovery, and requests the opportunity to present written and oral argument in support of removal.

## PRAYER

WHEREFORE, Defendant prays that the State Court Action be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: April 28, 2022                    **ROBINSON & COLE LLP**

                                   By:    */s/ Theodor J. Tucci*
Theodore J. Tucci (Juris No. 050604)
ttucci@rc.com
280 Trumbull Street
Hartford, Connecticut 06103
T: 800.826.3579 | F: 860.275.8299

Michael H. Bernstein (Juris No. 305528)
mbernstein@rc.com
666 3rd Avenue, 20th Floor
New York, New York 10022
T: .212.451.2900 | F: 212.451.2999

AND

**MCDERMOTT WILL & EMERY LLP**

Joshua Simon*
jsimon@mwe.com
Warren Haskel*
whaskel@mwe.com
John Song*
jsong@mwe.com
Richard Diggs*
rdiggs@mwe.com
Fabiola Vega*
fvega@mwe.com
One Vanderbilt Avenue
New York, New York 10017
T: 212.547.5400 | F: 212.547.5444

*Pro hac vice applications to be submitted*

*Counsel for Defendant Cigna Health and Life Insurance Company*

10

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2022, a copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system.  I also certify that the foregoing document is being served this day by e-mail on all counsel of record identified below:

Marc J. Kurzman
MKurzman@Carmodylaw.com
Damien K. Gunningsmith
DGunningsmith@Carmodylaw.com
Timothy A. Smith
TSmith@Carmodylaw.com
Carmody Torrance Sandak & Hennessey LLP
1055 Washington Boulevard, 4th Floor
Stamford, CT, 06901
T: 203.425.4200 | F: 203.325.8608

Alan D. Lash
alash@lashgoldberg.com
Justin C. Fineberg
jfineberg@lashgoldberg.com
Greg J. Weintraub
gweintraub@lashgoldberg.com
Emily L. Pincow
epincow@lashgoldberg.com
Jonathan E. Siegelaub
jsiegelaub@lashgoldberg.com
Lash & Goldberg
Miami Tower
100 S.E. Suite 2nd Street, Suite 1200
Miami, FL 33131
T: 305.347.4040 | F: 305.347.405

*/s/ Theodore J. Tucci*
Theodore J. Tucci